IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

BELINDA DUPRIEST,

    Plaintiff,

v.

    CIVIL ACTION NO.

CSL PLASMA, INC.,

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Belinda Dupriest, by and through her attorneys, McDonald & Kloth, LLC, and as and for her cause of action against the Defendant, CSL Plasma, Inc., alleges and shows to the Court as follows:

### NATURE OF THE ACTION

This action arises under the Americans with Disabilities (hereinafter "ADA"), as amended, to correct unlawful employment practices on the basis of disability and retaliation and to provide appropriate relief to Plaintiff who were adversely affected by such practices. Plaintiffs seek a permanent injunction against Defendant, lost wages, employment benefits, and other compensation, reinstatement, punitive damages, compensatory damages, costs, attorney's fees, and any other such relief the Court may deem appropriate.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant the ADA, as amended (42 U.S.C. § 12101 *et seq*.).

2. Venue in this District is proper pursuant to 28 U.S.C. § 1391 (b) and (c). Defendant resides within the jurisdiction of the United States District Court for the Eastern

District of Wisconsin, and the employment records relevant to such practices are maintained and administered in the Eastern District of Wisconsin.

## PARTIES

3. The Plaintiff, Belinda Dupriest (hereinafter "Dupriest" or "Plaintiff"), is an adult who resides at 1818 W Juneau Ave, Apt 214, Milwaukee, WI 53233.

4. The Defendant, CSL Plasma, Inc. (hereinafter "CSL" or "Defendant"), is a foreign corporation doing business within the State of Wisconsin with a place of business located at 2960 South Chase Street, Milwaukee, WI 53207.

## STATEMENT OF FACTS

5. Dupriest became employed with CSL as a Lab Technician at its Milwaukee, WI location on or around May 23, 2022.

6. Dupriest is an individual with a disability as she has been diagnosed with Rheumatoid Arthritis, Sleep Apnea, and Diabetes.

7. Dupriest's disabilities substantially impact one or more of life's major activities including, but not limited to, caring for herself, walking, thinking, driving, working, bending, general moving about, sleeping, eating, and related activities.

8. CSL was aware that Dupriest had been diagnosed with Rheumatoid Arthritis, Sleep Apnea, and Diabetes.

9. CSL regularly cross-trained its Lab Technicians on the Receptionist and Phlebotomy Technician positions.

10. CSL told Dupriest that she would be cross-trained on the Receptionist and Phlebotomy Technician positions.

11. CSL cross-trained similarly situated employees on the Receptionist and Phlebotomy Technician positions.

12. Dupriest requested cross-training on the Receptionist and Phlebotomy Technician positions but was denied such cross-training.

13. CSL did not cross-train Dupriest on the Receptionist or Phlebotomy Technician positions.

14. On or about December 10 and 12, 2022, Dupriest complained to CSL about discrimination based upon her disabilities.

15. On or about December 12, 2022, CSL directed Dupriest to submit a disability accommodation form, which Dupriest submitted on or about December 28, 2022.

16. Complainant continued to perform her job satisfactorily through January 11, 2023 at which time she was terminated.

17. CSL terminated Dupriest because of her disability and opposition to discrimination in the workplace.

18. All conditions precedent have been fulfilled, as Dupriest received a Right to Sue Letter from the EEOC within 90 days of the filing of this complaint.

**CAUSE OF ACTION**
**DISCRIMINATION AND RETALIATION UNDER THE ADA**
*(Failure to Accommodate and Retaliation in violation of 42 U.S.C. §§ 12111-12117)*

19. Plaintiff re-alleges and incorporates by reference all previous paragraphs, as if fully set forth herein.

20. Plaintiff is a members of a protected class within the meaning of the ADA as she possesses disabilities recognized by the ADA.

21. Defendant engaged in unlawful practices in violation of the ADA by treating Dupriest less favorably than similarly situated employees who were not disabled.

22. Defendant engaged in unlawful practices in violation of the ADA by terminating Dupriest based upon her disabilities.

23. Defendant engaged in unlawful practices in violation of the ADA by terminating Dupriest for opposing discrimination in the workplace.

24. The effect of the practices complained herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

25. The unlawful employment practices complained of herein were intentional.

26. The unlawful employment practices complained of herein were done with reckless indifference to Plaintiff's federally protected rights.

## PRAYER FOR RELIEF

A. Issue an Order granting a permanent injunction against Defendant and its officers, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability made unlawful by the ADA;

B. Issue an Order directing and requiring Defendant to institute and carry out policies, practices, and programs which provide proper observation of the provisions of the ADA which eradicate the effects of its past and present unlawful employment practices;

C. Issue an Order directing and requiring Defendant to reinstate Dupriest in her previous position, with seniority, at the same pay grade as Dupriest was previously receiving;

D. Issue an Order directing and requiring Defendant to make whole Dupriest by providing adequate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Issue an Order directing Defendant to make whole Dupriest by providing compensation for past and future nonpecuniary losses, including but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of herein, in amounts to be determined at trial;

F. Issue an Order directing Defendant to pay Dupriest punitive damages for its malicious and reckless conduct, in amounts to be determined at trial;

G. Issue an Order directing and requiring Defendant to reimburse Dupriest for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

H. Issue an Order granting such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

The Plaintiff, Belinda Dupriest, requests a jury trial on all questions of fact raised by this Complaint.

Dated on this 24th day of July, 2024.

                **MCDONALD & KLOTH, LLC**
                Attorneys for Plaintiff

           By: s/Shannon D. McDonald
                Shannon D. McDonald
                WI State Bar No. 1036954
                MCDONALD & KLOTH, LLC
                N96 W18221 County Line Road
                Suite 200
                Menomonee Falls, WI 53051
                Direct: (414) 403-2161
                Office: (262) 252-9122
                Fax: (414) 395-8773
                sdm@themklaw.com